IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FACULTY RIGHTS COALITION, <br> and WOLFGANG P.H. de MINO, | § <br> § <br> § | |
| Plaintiffs, | § <br> § | |
| V. | § <br> § | CIVIL ACTION NO. H-04-2127 |
| HOSSEIN SHAHROKHI, in his official <br> capacity as Executive Director of <br> Information Services, *et al.*, | § <br> § <br> § <br> § <br> § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Plaintiffs Faculty Rights Coalition and Wolfgang P.H. De Mino have moved for reconsideration of this court's summary judgment rulings and have objected to the bill of costs filed by defendants. (Docket Entry No. 75, 76).

The motion for reconsideration essentially argues that the University's distinctions between part-time adjunct faculty and full-time faculty – in the pay adjuncts receive for the classes they teach and in their access to the University's e-mail accounts during the semesters when they have no teaching contracts – are forbidden by the Constitution. The legal and factual arguments relevant to this assertion were addressed in this court's earlier Memorandum and Opinion. The motion for reconsideration is denied.

The objection to the bill of costs argues that the costs for obtaining a transcript of a hearing in which de Mino appeared in a different case he filed against University representatives cannot be recovered. Rule 54 of the Federal Rules of Civil Procedure

provides in pertinent part that: "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." FED.R.CIV.P. 54(d)(1). 28 U.S.C. § 1920 enumerates the costs that may be taxed against a losing party:

> [a] judge or clerk of any court of the United States may tax as costs the following:
>
> (1) fees of the clerk and marshal;
>
> (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) fees and disbursements for printing and witnesses;
>
> (4) fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) docket fees under section 1923 of this title;
>
> (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

Rule 54 creates "a strong presumption that the prevailing party will be awarded costs" permitted under section 1920. *Sheets v. Yamaha Motors Corp.*, 891 F.2d 533, 539 (5th Cir. 1990); *United States v. D.K.G. Appaloosas*, 829 F.2d 532, 539 (5th Cir. 1987), *cert. denied*, 108 S. Ct. 1270 (1988); *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir.

1985).  A prevailing party bears the burden of showing the necessity and reasonableness of the costs challenged by the opposing party.  *See Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich. 1995).

Section 1920 expressly provides for the award of "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  Defendants have shown that the transcript was necessarily obtained for use in this case, because it contained statements and admissions by de Mino explaining his relationship to plaintiff Faculty Rights Coalition.  The fact that the transcript was of a hearing in another case involving some of the same parties does not preclude recovery of the cost of obtaining the transcript for use in this case.

The objection to the bill of costs is overruled.

SIGNED on August 10, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge